UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GUIDO JOHN ALVILLAR,

   Petitioner - Appellant,

  v.

UTAH STATE BOARD OF
PARDONS; ADULT PROBATION &
PAROLE; CLINT FRIEL, Warden,

   Respondents - Appellees.

No. 10-4071
(D. Utah)
(D.C. No. 2:06-CV-00993-DB)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **ANDERSON,** and **TYMKOVICH**, Circuit Judges.

Petitioner and appellant Guido John Alvillar, a state prisoner proceeding

*pro se*, seeks a certificate of appealability ("COA"), to enable him to appeal the

district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. For

the following reasons, we deny Mr. Alvillar a COA and dismiss this matter.

Mr. Alvillar was incarcerated in Utah State prison on convictions for

burglary, theft and attempted absconding. He was released from prison in 2001

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and placed on parole. On August 28, 2002, the Utah State Board of Pardons and Parole revoked Mr. Alvillar's parole. In August 2003, Mr. Alvillar attacked the Board's decision in a state post-conviction petition, which ultimately resulted in the denial of his petition for a writ of certiorari by the Utah Supreme Court on December 22, 2005.

On November 23, 2006,[2] Mr. Alvillar filed the instant petition, arguing that the 2002 parole revocation process was unconstitutional. He made a number of arguments, including ineffective assistance of counsel and due process violations. Although the state respondents did not raise the issue, on March 16, 2010, the district court issued an order to show cause why Mr. Alvillar's petition should not be dismissed because it was untimely filed under the one-year limitation period applicable to habeas petitions. See 28 U.S.C. § 2244(d)(1). Mr. Alvillar responded with the argument that, in essence, equitable tolling should excuse his tardiness. He blamed his lack of access to a law library, his limited legal knowledge, misinformation provided him by the prison contract attorney and the general inadequacy of the prison contract attorney system. The court concluded:

> The kernel of the Court's analysis regarding equitable tolling is not whether Petitioner urgently believes errors took place in the state proceedings, but—to reiterate—whether Petitioner personally did everything he could to ensure this federal petition was timely filed. His response does not show this kind of self-directed tenacity.

[2]The record is somewhat confusing on precisely when Mr. Alvillar's petition was filed. He asserts it was "[o]n or about November 23, 2006." Pet'r's Op. Br. at 3. It was in late 2006, in any event.

Order at 3.  Mr. Alvillar seeks a COA to enable him to appeal that decision.

Unless a petitioner obtains a COA, we lack jurisdiction to consider the merits of a habeas appeal.  28 U.S.C. § 2253(c)(1)(A).  We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  To make such a showing, Mr. Alvillar must "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Where, as here, the district court denies the petition on procedural grounds, we will issue a COA only if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

The district court carefully explained why Mr. Alvillar's petition was barred by the one-year limitations period.  We do not find it debatable whether

the district court correctly applied the procedural bar.  We accordingly deny

Mr. Alvillar a COA.  We deny him *in forma pauperis* status on appeal.

For the foregoing reasons, we DENY Mr. Alvillar permission to proceed *ifp*

and we DENY him a COA.  This matter is accordingly dismissed.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge